IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>MARCUS KALANI WATSON,   (01)<br><br>ROGUSSIA EDDIE ALLEN<br>DANIELSON,     (02)<br><br>        Defendants. | CR NO. 14-00751-01 DKW<br>CR NO. 14-00751-02 DKW<br><br>CV. 15-00313 DKW-KSC<br>CV. 15-00390 DKW-BMK<br><br>**ORDER DENYING PETITIONERS'<br>MOTIONS PURSUANT TO 28 U.S.C.<br>§ 2255 TO VACATE, SET ASIDE,<br>OR CORRECT SENTENCE** |

## ORDER DENYING PETITIONERS' MOTIONS PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

## INTRODUCTION

Petitioners Marcus Kalani Watson and Rogussia Eddie Allen Danielson pled guilty to a series of robberies that occurred over a five-week span, including two armed bank robberies that they jointly conducted in May 2014.   Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Petitioners challenge only the portion of their sentences that was based on 18 U.S.C. § 924(c)(1)(A)(ii), contending that because armed bank robbery is not a "crime of

violence," it cannot be used to apply Section 924(c).   Because armed bank robbery under 18 U.S.C. §§ 2113(a) and (d) remains a "crime of violence" even after *Johnson*, the Court (1) DENIES Petitioners' Section 2255 motions, but (2) GRANTS each Petitioner a certificate of appealability.

## BACKGROUND

### I.   Indictment

The August 20, 2014 Indictment charged both Petitioners, in part, with a May 30, 2014 bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) (Count 5).   The Indictment also charged both individuals in separate counts for brandishing a firearm during a crime of violence, in violation of Section 924(c)(1)(A)(ii) – Watson was charged in Count 6 and Danielson was charged in Count 7.   The predicate "crime of violence" underlying the Section 924(c) charges for both Watson and Danielson was the May 30, 2014 armed bank robbery of the American Savings Bank branch charged in Count 5.[1]

---

[1] Counts 6 and 7 allege that Watson and Danielson, respectively, "brandished, used, and carried a firearm, namely, a handgun, during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, bank robbery, in violation of [section] 2113(a) and (d), as charged in Count 5 and, in doing so, brandished that firearm."   *See* Indictment [Dkt. No. 26].

## II. Plea and Sentencing

On December 22, 2014, Watson pled guilty to Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count 1); conspiracy to commit bank robbery, in violation of 18 U.S.C. §§ 371 and 2113(a) (Count 2); three counts of armed bank robbery, in violation of Section 2113(a) and (d) (Counts 3, 4, and 5); and use of a firearm during a crime of violence, in violation of Section 924(c)(l)(A)(ii) (Count 6).   His plea followed by nearly two weeks Danielson's December 10, 2014 plea of guilty to conspiracy to commit bank robbery, in violation of 18 U.S.C. §§ 371 and 2113(a) (Count 2); two counts of armed bank robbery, in violation of Section 2113(a) and (d) (Counts 4 and 5); and use of a firearm during a crime of violence, in violation of Section 924(c)(1)(A)(ii) (Count 7).

### A. Watson

At his December 22, 2014 change of plea hearing, Watson engaged in the following colloquy with the Court regarding Count 5:

> THE COURT:   And then in May of 2014 you had an agreement with others, including your codefendants Mr. Danielson and Mr. Williander, to rob the Pearl Ridge branch of American Savings Bank located on Kamehameha Highway in Aiea; is that true?
>
> THE DEFENDANT:   Yes, Your Honor.
>
> THE COURT:   And in May 30th of this year, 2014, to carry out that agreement you and your codefendant, Mr. Danielson,

entered the American Savings Bank branch in Pearl Ridge brandishing handguns and demanding that tellers place money in the bag; is that correct?

THE DEFENDANT:   Yes, Your Honor.

THE COURT:   And in response to those threats, the tellers placed $11,569 in cash into a bag which you then removed, along with your codefendant, from the scene; is that true?

THE DEFENDANT:   Yes, Your Honor.

12/22/14 Tr. at 24-25 [Dkt. No. 85].

On May 27, 2015, the Court sentenced Watson to a 60-month term of imprisonment as to Count 2, to run concurrently with a term of 108 months as to Counts 1, 3, 4 and 5; and 84 months as to Count 6, to run consecutively to Counts 1, 2, 3, 4 and 5; for a total of 192 months.   He received a term of supervised release of three years as to Counts 1 and 2, and five years as to Counts 3, 4, 5 and 6, all terms to run concurrently.   Watson was ordered to pay restitution in the amount of $39,110.10 ($21,720.93 jointly and severally with Danielson, and $9,892.91 jointly and severally with Danielson and Williander).

B.   **Danielson**

At his December 10, 2014 change of plea hearing, Danielson pled guilty to all of the offenses charged against him in the Indictment, responding to the Court's inquiry regarding his conduct as follows:

THE COURT: In your own words, Mr. Danielson, would you please set forth and describe what you did that makes you guilty of counts 2, 4, 6 -- excuse me -- 2, 4, 5 and 7 of the indictment?

THE DEFENDANT: I robbed two banks with -- I brandished guns inside. As we took the money, we left.

12/10/14 Tr. at 20 [Dkt. No. 91-2].

More specifically, Danielson engaged in the following colloquy with the

Court regarding Count 5:

THE COURT: All right. My understanding is also, in May of 2014, you had an agreement, again with your co-defendant Marcus Watson and this time also with another individual named AJ Williander, to rob a different branch of American Savings Bank, this time the Pearlridge branch located on Kamehameha Highway in Aiea. Is that also correct?

THE DEFENDANT: Yes, sir.

THE COURT: And on May 30th of this year, you, along with your co-defendant Mr. Watson, entered that bank branch and once again brandished this time handguns, demanding again that the tellers place money in a bag?

THE DEFENDANT: Yes, sir.

THE COURT: Is that true?

THE DEFENDANT: Yes, sir.

THE COURT: And in response to those threats, the tellers placed, and you received, $11,569 in cash, which you then left the branch with; is that true?

THE DEFENDANT:   Yes, sir.

12/10/14 Tr. at 21-22 [Dkt. No. 91-2].

On April 7, 2015, Danielson was sentenced to a 60-month term of imprisonment as to Count 2 and 98 months as to Counts 4 and 5, to run concurrently; and 84 months as to Count 7, to run consecutively to Counts 2, 4 and 5, for a total of 182 months; a term of supervised release of three years as to Count 2; and five years as to Counts 4, 5 and 7; all terms to run concurrently.   Danielson was also ordered to pay restitution in the amount of $31,613.84 ($21,720.93 jointly and severally with Watson; and $9,892.91 jointly and severally with Watson and Williander).

## STANDARD OF REVIEW

The Court's review of Petitioners' motions is governed by 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

## DISCUSSION

## I.    Section 2255 Motions

Petitioners contend that their respective pleas, convictions, and sentences for violation of 18 U.S.C. § 924(c) must be vacated because armed bank robbery is not, as a matter of law, a predicate crime of violence.

Section 924(c)(1)(A) provides certain penalties for a person "who, during and in relation to any crime of violence. . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."   18 U.S.C. § 924(c)(1)(A). Under Section 924(c)(3):

> . . . the term "crime of violence" means an offense that is a felony and—
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).   Courts generally refer to the "(A)" clause of Section 924(c)(3) as the "force clause" (or, alternatively, the "elements clause") and to the "(B)" clause of Section 924(c)(3) as the "residual clause."

Petitioners contend that the Count 5 armed bank robbery conviction underlying their respective Section 924(c) charge does not qualify as a crime of violence under either the force or residual clause of Section 924(c)(3). Accordingly, they urge the Court to vacate the judgments on Count 6 (Watson) and Count 7 (Danielson), and to resentence Petitioners on the remaining Counts of conviction. More specifically, Petitioners contend that violation of Section 2113(a) and (d) is not a crime of violence under the force clause, and that under the Supreme Court's recent ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), the residual clause is unconstitutionally vague and cannot be used to support the Section 924(c) charge against them.

## A.    Force Clause – "Crime of Violence"

The Court first addresses whether armed bank robbery is a "crime of violence" under the force clause of Section 924(c)(3).

### 1.    Legal Standard

Section 924(c)(3)(A) defines "crime of violence" to include a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

To determine whether a predicate felony meets this definition, the Court applies a three-step process: (1) the "categorical approach" compares whether the

statute of conviction is a categorical match to the generic predicate offense; that is, it determines whether the statute of conviction criminalizes only as much or less conduct than the generic offense; (2) if the statute criminalizes conduct beyond the elements of the generic offense, and is therefore "overbroad," the Court next determines whether the statute is "divisible" or "indivisible"; and (3) if the statute is overbroad and divisible, the "modified categorical" approach permits the Court to examine certain documents from the record of conviction to determine what elements of the divisible statute the defendant was convicted of violating. *Lopez-Valencia v. Lynch*, 798 F.3d 863, 867-68 (9th Cir. 2015).

Under the first step, the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990), the Court must "determine whether the [offense] is categorically a 'crime of violence' by comparing the elements of the [offense] with the generic federal definition." *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1098 (9th Cir. 2015); *United States v. Piccolo*, 441 F.3d 1084, 1086-87 (9th Cir. 2006) ("In the context of crime of violence determinations under section 924(c), our categorical approach applies regardless of whether we review a current or prior crime."); *United States v. Amparo*, 68 F.3d 1222, 1225-26 (9th Cir. 1995). If the elements of the offense "criminalize a broader swath of conduct" than the conduct covered by the generic federal definition, the offense cannot qualify as a crime of

violence, even if the particular facts underlying Petitioners' own case might satisfy that definition. *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014) (citation omitted).

In the case of a "divisible" statute, the Court may go beyond the categorical approach and apply the "modified categorical approach" to "examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013) (internal quotation marks omitted). A statute is "divisible" when it contains "multiple, alternative *elements* of functionally separate crimes," *Rendon v. Holder*, 764 F.3d 1077, 1084-85 (9th Cir. 2014) (emphasis in original), as opposed to "alternative means of committing the same crime," *Almanza-Arenas v. Lynch*, 2015 WL 9462976, at *5 (9th Cir. Dec. 28, 2015). The Court must determine "whether a jury would have to be unanimous in finding those separate elements." *Ramirez v. Lynch*, 2016 WL 239661, at *5 (9th Cir. Jan. 20, 2016).[2] If the statute is

_____

[2]The Ninth Circuit recently expounded on the divisibility framework in *United States v. Dixon*, 805 F.3d 1193 (9th Cir. 2015):

> A statute is not divisible merely because it is worded in the disjunctive. [*Rendon*, 764 F.3d] at 1086. Rather, a court must determine whether a disjunctively worded phrase supplies "alternative elements," which are essential to a jury's finding of guilt, or "alternative means," which are not. *Id.* at 1085–86. That is, if a statute contains alternative elements, a

indivisible, the Court's inquiry ends "because a conviction under an indivisible, overbroad statute can never serve as a predicate offense." *Lopez-Valencia*, 798 F.3d at 868 (citation omitted).

Under the third step, the "modified categorical approach," the Court may look at the record of conviction to determine whether a defendant was convicted or pled guilty to a generic crime: the terms of the charging document, the terms of a plea agreement or transcript of colloquy between the judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information. *See Medina-Lara v. Holder*, 771 F.3d 1106, 1113 (9th Cir. 2014) (citation omitted).

With this framework in mind, the Court turns to whether armed bank robbery in violation of Section 2113(a) and (d) is a "crime of violence."

---

prosecutor "must generally select the relevant element from its list of alternatives. And the jury, as instructions in the case will make clear, must then find that element, unanimously and beyond a reasonable doubt." *Id*. at 1085 (quoting *Descamps*, 133 S. Ct. at 2290). But if a statute contains only alternative means, a jury need not agree as to *how* the statute was violated, only that it was. *Id.*

*United States v. Dixon*, 805 F.3d 1193, 1198 (9th Cir. 2015) (emphasis in original).

## 2. __Application to 18 U.S.C. §§ 2113(a) and (d)__

Under the first step, the Court considers whether the charged offense—armed

bank robbery—qualifies categorically as a crime of violence under Section

924(c)(3)(A).[3]   The Court looks at the elements of armed bank robbery and the

---

[3]The Court recognizes that some district courts have recently questioned the use of the categorical approach in some contexts in post-*Johnson II*, Section 924(c)(3) cases.   *See, e.g., United States v. Checora*, 2015 WL 9305672 (D. Utah Dec. 21, 2015) (questioning application of categorical approach in Section 924(c)(3) cases, particularly in the context of deciding a pretrial motion to dismiss); *United States v. Standberry*, 2015 WL 5920008 (E.D. Va. 2015) (questioning use of categorical approach outside of sentencing context in which cold record review is required); *United States v. Brownlow*, 2015 WL 6452620 n.3 (N.D. Ala. Oct. 26, 2015) (Opining that "the future of a 'categorical approach' to defining a crime of violence under § 924(c) may be short lived."); *United States v. McDaniels*, 2015 WL 7455539, at *2-3 (E.D. Va. Nov. 23, 2015) (refusing to apply categorical approach for pre-trial motion to dismiss and sending determination of crime of violence to the jury as a question of fact); *United States v. Church*, 2015 WL 7738032, at *3-4 (N.D. Ind. Dec. 1, 2015) ("[T]his Court, likewise, looks to the purpose of the categorical approach and questions whether the assumption that it applies to a § 924(c) offense is not misguided."); *United States v. Woodley*, 2015 WL 7770859, at *4 (E.D. Mich. Dec. 3, 2015) (stating that none of the reasons for using the categorical approach apply with much force in a Section 924(c) pretrial case).

  As in the cases cited above, this Court acknowledges the textual similarities between the Armed Career Criminal Act ("ACCA"), which was the genesis of the categorical approach, and Section 924(c)(3), but recognizes that the question of whether a predicate crime is a "crime of violence" arises before district courts in significantly different procedural contexts under the two statutes.   The ACCA provides enhanced punishment for persons with three previous convictions for a "violent felony," which is defined as any crime punishable by imprisonment for more than one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another."   18 U.S.C. § 924(e)(2)(B).   While the language of the ACCA's force clause is substantively identical to Section 924(c)(3)(A), a court determining whether a prior offense under the ACCA is a "violent felony" is conducting what amounts to a cold record review of a prior conviction, whereas a court determining a "crime of violence" under Section 924(c)(3) is looking at a predicate crime that is charged in the *same case*.   In other words, under Section 924(c)(3), a court is not looking at a prior conviction where facts may be lost or unclear, and the concern in ACCA cases regarding a collateral trial or judge-found facts does not exist.   In the absence of guidance to the contrary within this Circuit, the Court continues to apply the categorical approach as the first step of its analysis.

generic federal definition of "crime of violence" to determine whether Section

2113(a) and (d) criminalizes more or less conduct.   The relevant statutory language

provides:

> (a) Whoever, by force and violence, or by intimidation, takes, or
> attempts to take, from the person or presence of another, or
> obtains or attempts to obtain by extortion any property or money
> or any other thing of value belonging to, or in the care, custody,
> control, management, or possession of, any bank, credit union,
> or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or
> any savings and loan association, or any building used in whole
> or in part as a bank, credit union, or as a savings and loan
> association, with intent to commit in such bank, credit union, or
> in such savings and loan association, or building, or part thereof,
> so used, any felony affecting such bank, credit union, or such
> savings and loan association and in violation of any statute of the
> United States, or any larceny—
>
> Shall be fined under this title or imprisoned not more than twenty
> years, or both.
>
> ****
>
> (d) Whoever, in committing, or in attempting to commit, any
> offense defined in subsections (a) and (b) of this section, assaults
> any person, or puts in jeopardy the life of any person by the use
> of a dangerous weapon or device, shall be fined under this title or
> imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113.

Under well-established, pre-*Johnson II* Ninth Circuit law, armed bank robbery in violation of Section 2113(a) and (d) categorically qualifies as a crime of violence for purposes of Section 924(c). *United States v. Wright,* 215 F.3d 1020 (9th Cir. 2000); *see also United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (a conviction for robbing a bank 'by force and violence, or by intimidation,' under 18 U.S.C. § 2113(a) is a crime of violence for purposes of sentence enhancement as a career criminal under § 4B1.1)."); *United States v. Arnett*, 2006 WL 2038531 (E.D. Cal. July 18, 2006) (applying *Selfa*). These pronouncements have not been expressly overruled or abrogated in the wake of the Supreme Court's rulings in *Johnson II,* 135 S. Ct. 2551, and *Descamps*, 133 S. Ct. 2276, nor have they been overruled or abrogated by this Circuit's decisions, including *Rendon*, 764 F.3d 1077 (and its progeny). *See, e.g., Velasco v. United States*, 2015 WL 8276806, at *4 (D. Ariz. Oct. 23, 2015) ("Movant's conviction for two counts of bank robbery in violation of 18 U.S.C. § 2113(a) constitutes a violent felony under the ACCA's 'elements clause,' 18 U.S.C. § 924(e)(2)(B)(i)."). To the extent Petitioners call into question their continued validity in the face of the rapidly evolving case law following the *Johnson II* decision, the Court addresses Petitioners' specific overbreadth argument.

14

Petitioners assert that Section 2113(a) is overbroad, and is therefore not a categorical match, because it criminalizes conduct that does not require "the use, attempted use, or threatened use of physical force" required by the Section 924(c) force clause. That is because Section 2113(a) can be violated "by force and violence, *or by intimidation*," the latter of which requires only "fear" and not "physical force." *See* Watson Reply at 12-13.

"[A]ny act or threatened act which engenders a fear of injury implicates force and potential violence." *United States v. Standberry*, 2015 WL 5920008, at *4. (E.D. Va. Oct. 9, 2015) ("Fear is the operative element facilitating the taking."). Consistent with this commonsense understanding of the interplay between fear of injury and physical force, the Ninth Circuit "has defined 'intimidation' under section 2113(a) to mean 'wilfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm.'" *Selfa*, 918 F.2d at 751 (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)). The Ninth Circuit directed in *Selfa* that this definition of intimidation "is sufficient to meet the section 4B1.2(a)(1) requirement of a 'threatened use of physical force.'" *Id.* (citing *United States v. Maddalena*, 893 F.2d 815, 819 (6th Cir. 1989)) ("The requirement that property be taken either 'by force and violence' or 'by intimidation' requires proof of force or threat of force as an element of the offense.")); *see also United*

*States v. Arnett*, 2006 WL 2038531, at \*2-3 (E.D. Cal. July 18, 2006) (Rejecting

defendant's contention that armed bank robbery is not categorically a crime of

violence, relying upon *Selfa*'s definition of "intimidation," where defendant argued

that he did not intend any physical force against bank tellers, and where defendant

carried a firearm). In short, "intimidation" satisfies the requirement of "threatened

use of physical force,"[4] that is, force "capable of causing physical pain or injury to

---

[4]Other circuits have considered this argument and reached similar conclusions. *See, e.g., United States v. Gordon*, 642 F.3d, 596, 598 (7th Cir. 2011) ("[I]ntimidation exists when a bank robber's words and actions would cause an ordinary person to feel threatened, by giving rise to a reasonable fear that resistance or defiance will be met with force."); *United States v. Mitchell*, 2015 WL 7283132, at \*2-3 (E.D. Wis. Nov. 17, 2015) (holding "post-*Johnson*, that robbery offenses [Section 2113(a) and (d)], qualify as crimes of violence under the force clause"); *United States v. Enoch*, 2015 WL 6407763, at \*3 (N.D. Ill. Oct. 21, 2015) ("Because intimidation requires a threat, albeit in some cases an implied threat, of violent physical force, robbery [under 2113(a)] is a crime or violence within the meaning of section 924(c) even though it can be committed by intimidation rather than actual violence."); *United States v. Shuck*, 481 Fed. App'x. 600 (11th Cir. 2012) (finding that bank robbery by intimidation under Section 2113(a) is a crime of violence for U.S.S.G. § 4B 1.1 career offender enhancement); *United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005) ("Under section 2113(a), intimidation occurs when an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts."). *See also United States v. Strong*, 2015 WL 6394237, at \*2 (W.D.N.C. Oct. 21, 2015) ("While the court would not go so far as to conclude that the term 'intimidation' would always amount to 'force and violence,' the Court of Appeals for the Fourth Circuit has clearly held the '[a]rmed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'") (quoting *United States v. Adkins*, 937 F.2d 947, 950 n.2 (4th Cir. 1991)). The Court agrees, in particular, that the Seventh Circuit's reasoning makes practical sense. For example, when an individual enters a bank, approaches a teller, and demands money verbally or by note, the teller understands that the demands are not "mere requests which could be ignored, but rather, [feels] compelled to comply." *Thornton*, 539 F.3d at 748-49. And "[f]orce that is capable of compelling action fits within the definition of violent force set out in the Supreme Court's 2010 decision in *Johnson*." *Enoch*, 2015 WL 6407763 at \*2; *see also Mitchell*, 2015 WL 7283132, at \*2 (noting "the Seventh

16

another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*").[5]

Moreover, Count 5 charged violations of Section 2113(a) *and* (d): "by force and violence, or by intimidation, tak[ing], or attempt[ing] to take, from the person or presence of another . . . property or money . . . , [and] put[ting] in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(a), (d).

---

Circuit's cases consistently refer to intimidation as involving a threat to use physical force if the robber's demands are not met").

[5]This generic definition of "physical force" is derived from the ACCA force clause:

> In *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson I*"), the Supreme Court considered whether a conviction for simple battery under Florida law qualifies as a "violent felony" under the force clause of the Armed Career Criminal Act ("ACCA"). The ACCA force clause, like the section 924(c)(3) force clause, defines "violent felony" to include a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(2)(B)(i). The Court held that to satisfy this definition, the physical force required by the offense must be "*violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140 (emphasis in original). The Court observed that "even by itself, the word 'violent' in section 924(e)(2)(B) connotes a substantial degree of force. . . When the adjective 'violent' is attached to the noun 'felony,' its connotation of strong physical force is even clearer." *Id.*

*United States v. Bell*, 2016 WL 344749, at *3 (N.D. Cal. Jan. 29, 2016) (footnote omitted). The Ninth Circuit has extended this definition of "physical force" to other generic offense provisions, including 18 U.S.C. § 16(a) and U.S.S.G. § 2L1.2, both of which define "crime of violence" using language that is either identical or nearly identical to that used in the Section 924(c)(3) and ACCA force clauses. *See, e.g., United States v. Flores-Cordero*, 723 F.3d 1085, 1087 (9th Cir. 2013) (U.S.S.G. § 2L1.2); *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 854 (9th Cir. 2013) (18 U.S.C. § 16(a)). Petitioners agree that the Section 924(c)(3)(A) force clause is not materially different from these federal statutes, and, in fact treat them as "generally fungible." *See* Watson Reply at 6 (citing *United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013)).

Statutory subsections charged in the same Count cannot be read in isolation. *See United States v. Robinson*, 702 F.3d 22, 31-32 (2d Cir. 2012) (articulating principles of statutory construction). That is, even considering only the most innocent conduct penalized under the charged sections—robbery by intimidation and putting in jeopardy the life of any person by the use of a dangerous weapon or device—Petitioners' overbreadth argument fails. Subsection 2113(d)'s additional element that one "puts in jeopardy the life of any person by the use of a dangerous weapon," categorically defines Count 5 as a "crime of violence." To be clear, read together, the statutes charged are squarely within the generic definition of "force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S at 140.

Petitioners also argue that a defendant can be convicted under Section 2113(a) and (d) without purposefully doing anything. *See* Watson Reply at 14. For a defendant to "use" violent force for the purposes of a "crime of violence" determination, the defendant must do so intentionally, not just recklessly or negligently. *United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015) (analyzing ACCA's force clause). The Court rejects Petitioners' attempt to cast the statute as capturing passive conduct. Courts considering similar arguments note that "Section 2113(a) may be a general intent statute, but taking money by force,

violence or intimidation involves a higher degree of culpability than accidental, negligent, or reckless conduct." *United States v. Mitchell*, 2015 WL 7283132, at *3 (E.D. Wis. Nov. 17, 2015) (citation omitted). As stated previously, the Ninth Circuit's definition of intimidation incorporating a willfulness component forecloses this argument. *See Selfa*, 918 F.2d at 751 (defining "'intimidation' under Section 2113(a) to mean 'wilfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm.'") (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)). Petitioners' argument to the contrary presents an implausible paradigm in which a defendant unlawfully obtains another person's property against his or her will by unintentionally placing the victim in fear of injury. *See Standberry*, 2015 WL 5920008, at *4. This cannot be.

Having considered Petitioners' arguments, the Court finds that Section 2113(a) and (d) categorically qualifies as a crime of violence under Section 924(c)(3)(A), rendering it unnecessary to reach the second and third steps of the analysis. *Accord United States v. Mitchell*, 2015 WL 7283132 (E.D. Wis. Nov. 17, 2015); *United States v. Strong*, 2015 WL 6394237, at *2 (W.D.N.C. Oct. 21, 2015). Petitioners' Section 2255 motions are DENIED.

## B. The Court Does Not Reach Petitioners' Residual Clause Challenge

In *Johnson II*, the Supreme Court held that the residual clause of the ACCA, 18 U.S.C. § 924(e), is facially void for vagueness. *See* 135 S. Ct. at 2557. Petitioners urge the Court to extend that holding here to the similarly worded Section 924(c)(3)(B) residual clause. Because the Court finds that the predicate crime at issue—violation of Section 2113(a) and (d)—is a crime of violence under the Section 924(c)(3)(A) force clause, the Court declines Petitioners' invitation and expresses no view on whether the statute qualifies as a crime of violence under the Section 924(c)(3)(B) residual clause.

## II. Certificates of Appealability

In denying Petitioners' Section 2255 motions, the Court must also address whether certificates of appealability should issue. *See* R. 11 Governing § 2255 Cases in the U.S. Dist. Cts. (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").

"The standard for a certificate of appealability is lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc). A petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." *Id.* (citation omitted). The standard "requires something more than the absence of

frivolity but something less than a merits determination." *Id.* Although the Court's decision here is firmly grounded in and supported by the facts of the case and existing Supreme Court and Ninth Circuit precedent, the Court acknowledges that the legal landscape is hastily shifting in this specific terrain. The Court has carefully reviewed Petitioners' assertions and GRANTS each a certificate of appealability.

## CONCLUSION

On the basis of the foregoing, the Court DENIES Petitioners' motions, but GRANTS them each a certificate of appealability. The Clerk of Court is directed to close these matters.

IT IS SO ORDERED.

Dated: March 2, 2016 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

-----------------------------------------------------------------------------------------------

*United States of America v. Marcus Kalani Watson (01), Rogussia Eddie Allen Danielson, (02);* CR No. 14-00751-01 DKW, CR No. 14-00751-02 DKW, CV. No. 15-00313 DKW-KSC; CV No. 15-00390 DKW-BMK; ORDER DENYING PETITIONERS' MOTIONS PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE