IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ROGUSSIA ALLEN DANIELSON,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CR. NO. 14-00751(02) DKW<br>CV. NO. 16-00364 DKW-KSC<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

**ORDER DENYING MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

On June 27, 2016, Petitioner Rogussia Allen Danielson, proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Second Section 2255 Motion"). Danielson previously filed a petition pursuant to Section 2255 challenging his conviction based upon the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Descamps v. United States*, 133 S. Ct. 2276 (2013), which the Court denied on the merits and is pending appeal before the Ninth Circuit. *See* Dkt. Nos. 87, 96, and 97. Because Danielson's Second Section 2255 Motion is a "second or successive" petition that requires Section 2255(h) certification before this Court may assert jurisdiction, it is DENIED without prejudice.

# BACKGROUND

## I. Charges, Plea and Sentencing

The August 20, 2014 Indictment charged Danielson and co-defendant Marcus Watson, in part, with a May 30, 2014 bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) (Count 5). The Indictment also charged both individuals in separate counts for brandishing a firearm during a crime of violence, in violation of Section 924(c)(1)(A)(ii) – Watson was charged in Count 6 and Danielson was charged in Count 7. The predicate "crime of violence" underlying the Section 924(c) charge was the May 30, 2014 armed bank robbery of the American Savings Bank branch charged in Count 5. Counts 6 and 7 allege that Watson and Danielson, respectively, "brandished, used, and carried a firearm, namely, a handgun, during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, bank robbery, in violation of [Section] 2113(a) and (d), as charged in Count 5 and, in doing so, brandished that firearm." *See* Dkt. No. 26 (Indictment).

At his December 10, 2014 change of plea hearing, Danielson pled guilty to all of the offenses charged against him in the Indictment, responding to the Court's inquiry regarding his conduct as follows:

> THE COURT: In your own words, Mr. Danielson, would you please set forth and describe what you did that makes you guilty of counts 2, 4, 6 -- excuse me -- 2, 4, 5 and 7 of the indictment?

> THE DEFENDANT: I robbed two banks with -- I brandished guns inside. As we took the money, we left.

12/10/14 Tr. at 20 (Dkt. No. 91-2).

More specifically, Danielson engaged in the following colloquy with the Court regarding Count 5:

> THE COURT: All right. My understanding is also, in May of 2014, you had an agreement, again with your co-defendant Marcus Watson and this time also with another individual named AJ Williander, to rob a different branch of American Savings Bank, this time the Pearlridge branch located on Kamehameha Highway in Aiea. Is that also correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And on May 30th of this year, you, along with your co-defendant Mr. Watson, entered that bank branch and once again brandished this time handguns, demanding again that the tellers place money in a bag?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Is that true?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And in response to those threats, the tellers placed, and you received, $11,569 in cash, which you then left the branch with; is that true?
>
> THE DEFENDANT: Yes, sir.

12/10/14 Tr. at 21-22 (Dkt. No. 91-2).

On April 7, 2015, Danielson was sentenced to a 60-month term of imprisonment as to Count 2 and 98 months as to Counts 4 and 5, to run

concurrently; and 84 months as to Count 7, to run consecutively to Counts 2, 4 and 5, for a total of 182 months; a term of supervised release of three years as to Count 2; and five years as to Counts 4, 5 and 7; all terms to run concurrently.

## II.     First Section 2255 Motion

Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Danielson and co-defendant Watson filed separate Section 2255 motions challenging only the portion of their sentences based on 18 U.S.C. § 924(c)(1)(A)(ii), contending that because armed bank robbery is not a "crime of violence," it could not be used to apply Section 924(c). The Court denied Danielson's first Section 2255 Motion, filed September 30, 2015 (Dkt. No. 87), in a March 2, 2016 Order. Dkt. No. 96. In its Order, the Court found that the predicate crime at issue—violation of Section 2113(a) and (d)—is categorically a "crime of violence" under the Section 924(c)(3)(A) force clause, and did not reach Petitioners' alternative ground – whether the statute qualifies as a crime of violence under the Section 924(c)(3)(B) residual clause. *Id.* Danielson filed a notice of appeal on March 3, 2016 (Dkt. No. 97), and the matter is currently pending before the Ninth Circuit Court of Appeals.[1]  *See* Ninth Circuit No. 16-15357.

---

[1] Danielson's court-appointed counsel filed the first Section 2255 Motion on his behalf and continues to represent him on appeal.  *See* Ninth Circuit No. 16-15357 (Dkt. Nos. 2 through 4).

4

### III. Second Section 2255 Motion

Danielson's Second Section 2255 Motion, filed *pro se*, again seeks to vacate his sentence pursuant to *Johnson*. Although he does not cite Section 2255(h), he notes that a "federal prisoner may file a Motion pursuant to 28 USC § 2255 base[d] on 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable'." Second Section 2255 Motion at 2. He seeks "reasonable time" to file a brief in support of his motion and to obtain copies of his court records, but does not further specify why he believes he is entitled to additional relief under *Johnson* that was not raised in his first Section 2255 Motion. Nor does Danielson at any point acknowledge either the filing of his first Section 2255 Motion, the Court's denial of that motion, or his pending appeal.

## DISCUSSION

### I. Danielson's Second Section 2255 Motion Is "Second or Successive"

A petitioner is required to receive certification by a panel of the appropriate Court of Appeals before he or she may file a second or successive habeas petition in District Court. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Jones v. Ryan*, 733 F.3d 825, 842 (9th Cir. 2013); *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).

To obtain certification to file a second or successive motion from the appellate court, Danielson must demonstrate that his motion was filed based on:

>   (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
>   (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

28 U.S.C. § 2255(h); *see also* R. 9 Governing § 2255 Cases in the U.S. Dist. Cts. ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008).

The requirements of Section 2255(h) create a jurisdictional bar to a petitioner's claims in District Court if the petitioner does not first obtain the Ninth Circuit Court of Appeals' authorization. *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015). A second habeas petition is not considered successive if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. *Slack v. McDaniel*, 529 U.S. 473, 485-87 (2000). Danielson's first Section 2255 Motion was decided on the merits. In fact, the ostensible merits underlying his present *Johnson* claim were actually addressed by the Court's ruling on his first Section 2255 Motion. *See* Dkt. No. 96 (3/2/16 Order). Consequently,

Danielson's Second Section 2255 Motion is a second or successive petition that requires certification from the Ninth Circuit Court of Appeals.

## **CONCLUSION**

Danielson's Second Section 2255 Motion (Dkt. No. 104) is a "second or successive" petition that requires certification from the Ninth Circuit Court of Appeals before this Court may assert jurisdiction. Consequently, this motion is DENIED without prejudice.

The Clerk of Court is directed to close the case. The case will be reopened if the Ninth Circuit Court of Appeals subsequently authorizes the filing of Danielson's second or successive Section 2255 habeas petition with this Court.

IT IS SO ORDERED.

DATED: July 7, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Danielson v. USA*, CR. NO. 14-00751(02) DKW; CV. NO. 16-00364 DKW-KSC; **ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**